UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO MATA CELESTINO (A No. 244-121-682),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-04895-JLT-EGC<br><br>ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING IN PART THE PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Doc. 1) |

## I. INTRODUCTION

Before the Court is Sergio Mata Celestino's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the habeas petition. (Doc. 1.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the

power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. FACTUAL BACKGROUND

Petitioner is from Mexico. (Doc. 8 at 4.) Petitioner entered the United States on July 29, 2023, where he was encountered by Customs and Border Protection and paroled into the country. (*See id*. at 6.) At the time of entry, DHS issued a Notice to Appear charging Petitioner as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. (*Id*. at 5, 6.) Petitioner has been arrested twice on October 20, 2025, and on January 25, 2026, for driving under the influence of alcohol under Cal. Veh. Code § 23152(a). (Doc. 8 at 11, 12.) It is unclear whether these two arrests led to formal charges or a conviction. (*See id*. at 6, 11, 12.)

At some point after entry, Petitioner applied for asylum. (*See* Doc. 1 at 5.) On June 15, 2026, Petitioner reported to his local ICE ERO office in connection with his asylum application when he was arrested by ICE. (Doc. 1 at 5; Doc. 8 at 5.) Petitioner was transferred to the Golden State Annex Detention Facility in McFarland, California, where he remains. (Doc. 1 at 2.) On August 4, 2026, while his habeas petition was pending, Petitioner was ordered removed to Mexico. (*See* Doc. 13 at 1.) On August 20, 2026, Petitioner received a custody redetermination hearing before an Immigration Judge pursuant to 8 C.F.R. § 1236. (Doc. 13 at 4.) The IJ denied release on bond upon a finding of flight risk explaining in relevant part:

> A review of the record indicates that the [Petitioner] has already been ordered removed from the United States, and this removal order has become a final administrative decision. Consequently, the [Petitioner's] custody status is governed under the distinct post-removal order framework, which severely limits the authority to alter detention status absent an extraordinary showing of new facts.
>
> The existence of an active, final order of removal significantly elevates the [Petitioner's] flight risk. Because the [Petitioner] faces imminent deportation, they have a powerful incentive to evade immigration authorities and fail to appear for scheduled removal operations. To warrant a bond redetermination under these circumstances, a [petitioner] must present material, persuasive evidence that was previously unavailable to overcome this

> heightened risk and demonstrate that they are neither a flight risk nor a danger to the community[.]
>
> In this matter, the [Petitioner] has offered no new evidence, updated documentation, or changing country conditions to support the request. Because the underlying final order of removal remains intact and the [Petitioner] has failed to meet the heavy burden of demonstrating a fundamental change in circumstances, there is no lawful or factual basis to modify the current custody arrangement.
>
> Accordingly, the [Petitioner's] request for a bond redetermination is hereby DENIED.

(Doc. 13 at 4.)

Notably, the IJ rendered this decision on August 20, 2026, *before* Petitioner filed a timely appeal of his order of removal.[1] (*Id.*; *see* Doc. 14 at 2.) Because Petitioner was ordered removed on August 4, 2026, (*see* Doc. 13 at 1), he had until September 3, 2026, to appeal that decision to the Board of Immigration Appeals. 8 C.F.R. § 1003.38(b)(2) ("In cases where an Immigration Judge has adjudicated an asylum application . . ., the Notice of Appeal from a Decision of an Immigration Judge (Form EOIR-26) shall be filed directly with the Board within 30 calendar days of the Immigration Judge's decision."); 8 C.F.R. § 1241.1(c) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time."). On September 18, 2026, Respondents filed a status report indicating that EOIR informed them that "the final order of removal has been *timely* appealed." (Doc. 14 at 2 (emphasis added).) As such, Petitioner's order of removal is not yet administratively final. 8 U.S.C. § 1231(a)(1)(B)(i) ("The removal period begins on the latest of the following: The date the order of removal becomes administratively final."); *see Prieto-Romero v. Clark*, 534 F.3d 1053, 1062 (9th Cir. 2008) ("It is reasonable to consider the judicial review of a removal order as part of the process of making an ultimate 'decision' as to whether an alien 'is to be removed.'").

---

[1] Since it appears that the IJ failed to apply the correct burden of proof, (*see* Doc. 13 at 4), and because Respondents "do not offer any opposition at this time to the Court ordering a bond hearing," (Doc. 8 at 1), do not argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(2), (Doc. 13), and indicate that Petitioner has *timely* appealed his order of removal, (Doc. 14 at 2), the Court finds that the relief granted herein is appropriate. 8 U.S.C. § 1231(a)(1)(B)(i); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1062 (9th Cir. 2008).

## IV. DISCUSSION

Respondents filed an opposition to the habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b), but concede that this is in the category of cases where the Court has typically ordered a bond hearing under 8 U.S.C. § 1226. (Doc. 8 at 1–2.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner and make no effort to distinguish this current case from the numerous cases finding this legal position to be incorrect and the detention unlawful. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026); *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Accordingly, Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

However, that is not the end of the inquiry. Respondents also argue that Petitioner is in pre-order detention due to his criminal history. (*See* Doc. 8 at 1.) Given Petitioner's two recent DUI arrests, (Doc. 8 at 11, 12), the Court finds that a bond hearing where the Government bears the burden of proving flight risk or danger by clear and convincing evidence is appropriate. *Singh v. Chestnut*, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *4 (E.D. Cal. Feb. 2, 2026) ("Respondents may well have a legitimate interest in Petitioner's detention based on information contained in the arrest report . . . [T]he Immigration Judge may consider them in determining whether and under what conditions to set bond. It is for this reason that while release is often appropriate when the Government has failed to provide a pre-deprivation hearing, balancing the equities and the public interest[] in this case leads the Court to conclude that it is sufficient to provide Petitioner a post-depravation bond hearing . . ."). Notably, a criminal conviction is not

required before a releasee may be found to be in violation of the terms of his parole.

For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART**;

2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3. **At least 72 hours before** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **at least 72 hours** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4. Respondents **SHALL** provide a copy of this Order to the Immigration Judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

5. The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California with a copy of this Order.

6. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: September 22, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE